NOTE: CHANGES MADE BY THE COURT

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKESHORE EQUIPMENT COMPANY, dba LAKESHORE LEARNING MATERIALS, a California Corporation<br><br>　　　　Plaintiff,<br><br>v.<br><br>LAKESHORE SOFTWARE, INC., a Kentucky Corporation, and DOES 1-25, inclusive<br><br>　　　　Defendants. | **CASE NO.　CV12-10409 PA(MANx)**<br><br>*[Assigned to the Honorable Percy Anderson]*<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Date:　　N/A<br>Time:　　N/A<br>Crtrm.:　　15<br><br>Action Filed:　December 4, 2012<br>Trial Date:　　Not Set |

1    This matter having come before the Court on the Joint Stipulation for Entry of
2 Final Judgment and Permanent Injunction of Plaintiff, Lakeshore Equipment
3 Company, dba Lakeshore Learning Materials, a California Corporation ("Plaintiff"),
4 and Defendant Lakeshore Software, Inc., a Kentucky Corporation ("Defendant"), and
5 after considering the matter and reviewing all submissions:
6    **THE COURT FINDS THAT**:
7    1.    This is an action for (1) Trademark Infringement (15 U.S.C. § 1114);
8 (2) Unfair Competition (15 U.S.C. § 1125(A)); (3) Unfair Competition (Cal. Bus. &
9 Prof. Code § 17200 *et seq*); and (4) Unfair Competition By Infringement Of
10 Common-Law Rights.   The Court has jurisdiction over the subject matter of the
11 action and personal jurisdiction over the parties, and venue is proper in this district
12 and division.
13    2.    Defendant consents to the jurisdiction of the court and has entered into a
14 Settlement Agreement to resolve the suit brought by Plaintiff.
15    3.    Plaintiff and Defendant have stipulated and agreed to the entry of a Final
16 Judgment and Permanent Injunction.
17    **NOW THEREFORE**, based upon the foregoing, it is hereby **ORDERED** that
18 Defendant and any of its current (at the time of the conduct subject to this Judgment)
19 officers, directors, agents, employees, shareholders, attorneys, insurers, parent
20 companies, subsidiaries, divisions, affiliates, representatives, successors and assigns
21 be **PERMANENTLY ENJOINED** and restrained from:
22    a.    Using Plaintiff's name, logos, or registered marks (including the
23 federally registered "Lakeshore" mark, U.S. Registration No. 2,112,534), any
24 colorable imitation thereof, or using any confusingly similar designation, alone or in
25 combination with other words, as a trademark, service mark, trade name, trade name
26 component, brand, or domain name, to market, advertise or identify Defendant's
27 goods or services within any of Plaintiff's registered or existing field of use or class of
28 goods and services, including without limitation, use in connection with: games, toys,

computer game software, educational games, toys and products, or retail stores and outlets featuring educational games, toys and products;

    b.    Using any trademark, name, or designation of origin that imitates or is confusingly similar to or in any way similar to the Plaintiff's trademarks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendant;

    c.    Otherwise engaging in any unlawful acts or unfair competition to Plaintiff's detriment through the infringement of Plaintiff's trademarks and intellectual property.

It is further **ORDERED** that all remaining causes of action, and all Doe defendants are hereby dismissed without prejudice, with each party hereto to bear its own attorneys' fees and costs.

The Clerk shall enter this Judgment forthwith.

**IT IS SO ORDERED.**

DATED: March 21, 2013          By: _____

                                                  Honorable Percy Anderson
                                                  United States District Court Judge
                                                  Central District of California